UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DANNY R. TROUTMAN | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-227 |
| | ) | |
| COCKE COUNTY SHERIFF'S DEP'T, | ) | |
| OFFICER TRAVIS WEBB, OFFICER | ) | |
| TOM HARR, OFFICER LINDA | ) | |
| BARNETTE, DR. MATHEWS, M.D., | ) | |
| NURSE DANIELLE OVERHOLT, R.N., | ) | |
| and OFFICER PAQUETTEE | ) | |

**MEMORANDUM and ORDER**

Danny R. Troutman, a state inmate, brings this *pro se* civil rights action for damages under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a). The custodian of plaintiff's inmate trust account at the facility in which he is housed shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has

been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate trust accounts at NECX and to Gayle Ray, Commissioner of the Tennessee Department of Correction.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

Plaintiff states his claim in its entirety as follows.

"I was incarcerated in the Cocke County Jail Annex on November 6th at 10:00 p.m. I was taken to Baptist [H]ospital by Officer Travis Webb because of injuries I recieved (sic) in the Cocke County Jail[.] I was beaten by several inmates there because of reasons not known to me except that I was a stranger there [.] I could tell that I wasn't wanted or liked because no one knew me. I recieved (sic) treatment at Baptist Hospital for head injury, neck & spine injury & right AC cuff sholder (sic) injury[.] Dr. Pactrick (sic) C. Grayson ordered follow up surgery in 2 - 3 days but I was never taken[.] Also I have the meds I wasn't given as ordered[.] I ask a lady at the Jail How come I wasn't taken for follow up surgery[.] Vernell She said they were afraid I would sue[.] She offered to call my family in Carter County[.] they threw away my medical records." (Doc. 3, Compl at 4).

---

[1] Send the payments to:
        Clerk, USDC
        220 West Depot Street, Suite 200
        Greeneville, TN 37743

Attached to the complaint are medical records from the Cocke County Baptist Hospital Emergency Room, which show that plaintiff was treated for lacerations to his head and other injuries sustained "in a fight." The treating physician, Dr. Patrick C. Grayson ordered that plaintiff undergo several diagnostic tests, including CT scans of his brain, cervical spine, and face. The tests showed that plaintiff had no facial fractures, had multilevel degenerative disc disease with bone spurring, but no spinal fractures, had staples on his scalp, but not underlying fractures, and, finally, had a "R[ight] shoulder AC (illegible)" injury. The "Emergency Department Discharge Summary" instructs plaintiff to "wear shoulder (illegible), take pain medications, and to "follow up with orthopedic in 2 - 3 days." For several reasons, this action cannot proceed.

First, while more factually developed, these allegations essentially are an identical version of a prior complaint filed in this Court by plaintiff. *See Danny R. Troutman v. Cocke County Jail Annex, et al.*, Civil Action No. 2:07-CV-214 (E. D. Tenn.). In both actions, plaintiff alleges that he was assaulted by inmates in the Cocke County facility, that he had (inferentially) a shoulder injury, that he was supposed to be taken for follow up surgery in 2-3 days, but that he was never taken. True, he has added a physician and a nurse as defendants. But he has made no allegations against them or, for that matter, any of the original defendants. This action, thus, is duplicative to plaintiff's earlier case.

Secondly, a constitutional violation results when prison officials are

deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff, however, does not identify the person or defendant whom he is charging with this constitutional wrongdoing. Absent information linking or connecting a specific defendant to the claimed misdeeds, plaintiff's contentions are conclusory. Conclusory allegations, as are these, do not state a claim for relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Third, almost as an afterthought, plaintiff has also added Officer Paquettee as a defendant, claiming that he was the officer who threw away legal mail. Plaintiff alleges no other facts in his complaint, but attached to the pleading is a copy of a grievance, in which plaintiff complains that his legal papers were thrown away during a shakedown while he was in the Carter County Jail. The Jail Administrator responded: "This matter is being looked into. I have Paquettee trying to retrieve your information at this time."

Plaintiff does not appear to be alleging a claim of retaliation against Officer Paquettee. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 384, 398 (6th Cir. 1999) (en banc) (holding that an allegation of an adverse action undertaken in retaliation for a prisoner's exercise of his First Amendment rights could violate the First Amendment 'if it is capable of deterring a person of ordinary firmness from exercising his . . . right to access the courts.'"). Though searching a prisoner's cell and seizing his legal paperwork could constitute an adverse action, *Bell v. Johnson*, 308 F.3d 594, 600 (6th Cir. 2002), plaintiff

has not asserted that he exercised a First Amendment right or that any actions, including the seizure of his legal mail, were taken by defendant officer for the purpose of retaliating against him for such an exercise of rights.

Nor do plaintiff's contentions fit within the scope of a First Amendment claim involving interference with plaintiff's receipt of legal mail. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) ("The right of a prisoner to receive materials of a legal nature, which have impact upon or import with respect to that prisoner's legal rights and/or matters, is a basic right recognized and afforded protection by the courts . . . ."). Obviously, plaintiff had received his legal mail since it could not have been seized in the shakedown unless he had it in his possession in his cell.

If, possibly, plaintiff is claiming that the search of his cell and the seizure of his legal mail, in and of themselves, are unconstitutional, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests. That the Fourth Amendment does not protect against seizures in a prison cell does not mean that an inmate's property can be destroyed with impunity." *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984). A prisoner, for example, may seek redress for the destruction of his property by filing an institutional grievance or a state court tort action for property losses. *Id.*

The Court is aware, moreover, that correctional facilities may place limits on the possessions an inmate may keep in his cell due to the space constraints inherent in

a prison setting. *Whiteside v. Parrish*, 2008 WL 906041, at *1 n.1 (S.D. Ohio Mar. 31, 2008) (noting that a state rule, with certain exceptions, limited a prisoner to 2.4 cubic feet of storage), *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992) (agreeing that rules providing inmates with two cubic feet of legal materials in their cells were "reasonable and necessary for orderly maintenance of the facility and proper security"). Suffice it to say that, as it is, plaintiff's bare allegations against Officer Palquettee do not state a claim for a constitutional violation.

Therefore, this case will be **DISMISSED** for all the above reasons, including failure to state a claim. Fed. R. Civ. P. 12(b)(6). Lastly, based on the reasoning in this memorandum, the Court **CERTIFIES** that any appeal taken from the decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE